CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson** | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Quimby Lion, I, LLC**, a California Limited Liability Company; **Mathew Street Property LLC**, a California Limited Liability Company | |
| Defendants. | |

Plaintiff Scott Johnson complains of Quimby Lion, I, LLC, a California Limited Liability Company; Mathew Street Property LLC, a California Limited Liability Company; and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2.  Defendants Quimby Lion, I, LLC and Mathew Street Property LLC

1

1  owned the real property located at or about 2220 Quimby Rd, San Jose,
2  California, upon which the business "San Jose Furniture City" operates,
3  between January 2019 and July 2020.

4     3.  Defendants Quimby Lion, I, LLC and Mathew Street Property LLC own
5  the real property located at or about 2220 Quimby Rd, San Jose, California,
6  upon which the business "San Jose Furniture City" operates, currently.

7     4.  Plaintiff does not know the true names of Defendants, their business
8  capacities, their ownership connection to the property and business, or their
9  relative responsibilities in causing the access violations herein complained of,
10 and alleges a joint venture and common enterprise by all such Defendants.
11 Plaintiff is informed and believes that each of the Defendants herein is
12 responsible in some capacity for the events herein alleged, or is a necessary
13 party for obtaining appropriate relief. Plaintiff will seek leave to amend when
14 the true names, capacities, connections, and responsibilities of the Defendants
15 are ascertained.

16

17 **JURISDICTION & VENUE:**

18    5.  The Court has subject matter jurisdiction over the action pursuant to 28
19 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
20 Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

21    6.  Pursuant to supplemental jurisdiction, an attendant and related cause
22 of action, arising from the same nucleus of operative facts and arising out of
23 the same transactions, is also brought under California's Unruh Civil Rights
24 Act, which act expressly incorporates the Americans with Disabilities Act.

25    7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
26 founded on the fact that the real property which is the subject of this action is
27 located in this district and that Plaintiff's cause of action arose in this district.

28

Complaint

1    **FACTUAL ALLEGATIONS:**

2    8.  Plaintiff went to San Jose Furniture City ("Store") in January 2019,

3    February 2019, March 2019 and July 2020 with the intention to avail himself

4    of its goods motivated in part to determine if the defendants comply with the

5    disability access laws.

6    9.  The Store is a facility open to the public, a place of public

7    accommodation, and a business establishment.

8    10. Unfortunately, on the dates of the plaintiff's visits, the defendants failed

9    to provide wheelchair accessible parking in conformance with the ADA

10   Standards as it relates to wheelchair users like the plaintiff.

11   11. The Store provides parking to its customers but fails to provide

12   wheelchair accessible parking.

13   12. The problem that plaintiff encountered is that there were no van

14   accessible parking spaces reserved for persons with disabilities.

15   13. Plaintiff believes that there are other features of the parking that likely

16   fail to comply with the ADA Standards and seeks to have fully compliant

17   parking available for wheelchair users.

18   14. On information and belief the defendants currently fail to provide

19   wheelchair accessible parking.

20   15. These barriers relate to and impact the plaintiff's disability. Plaintiff

21   personally encountered these barriers.

22   16. As a wheelchair user, the plaintiff benefits from and is entitled to use

23   wheelchair accessible facilities. By failing to provide accessible facilities, the

24   defendants denied the plaintiff full and equal access.

25   17. The failure to provide accessible facilities created difficulty and

26   discomfort for the Plaintiff.

27   18. Even though the plaintiff did not confront the following barriers, paths

28   of travel inside the Store are too narrow. The sales counter is too high and there

3

Complaint

1    is no lowered portion of the sales counter suitable for wheelchair users.

2    Additionally, restroom door hardware has a traditional round knob handle.

3    The restroom mirror is too high and the plumbing underneath the sink is not

4    wrapped. Moreover, there are no toilet grab bars. Plaintiff seeks to have these

5    barriers removed as they relate to and impact his disability.

6        19. The defendants have failed to maintain in working and useable

7    conditions those features required to provide ready access to persons with

8    disabilities.

9        20. The barriers identified above are easily removed without much

10    difficulty or expense. They are the types of barriers identified by the

11    Department of Justice as presumably readily achievable to remove and, in fact,

12    these barriers are readily achievable to remove. Moreover, there are numerous

13    alternative accommodations that could be made to provide a greater level of

14    access if complete removal were not achievable.

15        21. Plaintiff will return to the Store to avail himself of its goods and to

16    determine compliance with the disability access laws once it is represented to

17    him that the Store and its facilities are accessible. Plaintiff is currently deterred

18    from doing so because of his knowledge of the existing barriers and his

19    uncertainty about the existence of yet other barriers on the site. If the barriers

20    are not removed, the plaintiff will face unlawful and discriminatory barriers

21    again.

22        22. Given the obvious and blatant nature of the barriers and violations

23    alleged herein, the plaintiff alleges, on information and belief, that there are

24    other violations and barriers on the site that relate to his disability. Plaintiff will

25    amend the complaint, to provide proper notice regarding the scope of this

26    lawsuit, once he conducts a site inspection. However, please be on notice that

27    the plaintiff seeks to have all barriers related to his disability remedied. See

28    *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

Complaint

1  encounters one barrier at a site, he can sue to have all barriers that relate to his

2  disability removed regardless of whether he personally encountered them).

3

4  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

5  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

6  Defendants.) (42 U.S.C. section 12101, et seq.)

7  23. Plaintiff re-pleads and incorporates by reference, as if fully set forth

8  again herein, the allegations contained in all prior paragraphs of this

9  complaint.

10  24. Under the ADA, it is an act of discrimination to fail to ensure that the

11  privileges, advantages, accommodations, facilities, goods and services of any

12  place of public accommodation is offered on a full and equal basis by anyone

13  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

14  § 12182(a). Discrimination is defined, inter alia, as follows:

15      a.  A failure to make reasonable modifications in policies, practices,

16          or procedures, when such modifications are necessary to afford

17          goods, services, facilities, privileges, advantages, or

18          accommodations to individuals with disabilities, unless the

19          accommodation would work a fundamental alteration of those

20          services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

21      b.  A failure to remove architectural barriers where such removal is

22          readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

23          defined by reference to the ADA Standards.

24      c.  A failure to make alterations in such a manner that, to the

25          maximum extent feasible, the altered portions of the facility are

26          readily accessible to and usable by individuals with disabilities,

27          including individuals who use wheelchairs or to ensure that, to the

28          maximum extent feasible, the path of travel to the altered area and

5

Complaint

1    the bathrooms, telephones, and drinking fountains serving the

2    altered area, are readily accessible to and usable by individuals

3    with disabilities. 42 U.S.C. § 12183(a)(2).

4    25. When a business provides parking for its customers, it must provide

5    accessible parking.

6    26. Here, accessible parking has not been provided in conformance with the

7    ADA Standards.

8    27. When a business provides paths of travel, it must provide accessible

9    paths of travel.

10    28. Here, accessible paths of travel have not been provided in conformance

11    with the ADA Standards.

12    29. When a business provides facilities such as sales or transaction counters,

13    it must provide accessible sales or transaction counters.

14    30. Here, accessible sales or transaction counters have not been provided in

15    conformance with the ADA Standards.

16    31. When a business provides facilities such as restrooms, it must provide

17    accessible restrooms.

18    32. Here, accessible restrooms have not been provided in conformance with

19    the ADA Standards.

20    33. The Safe Harbor provisions of the 2010 Standards are not applicable

21    here because the conditions challenged in this lawsuit do not comply with the

22    1991 Standards.

23    34. A public accommodation must maintain in operable working condition

24    those features of its facilities and equipment that are required to be readily

25    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

26    35. Here, the failure to ensure that the accessible facilities were available

27    and ready to be used by the plaintiff is a violation of the law.

28

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

37. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

38. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

39. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

40. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

Complaint

1      1. For injunctive relief, compelling Defendants to comply with the

2   Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

3   plaintiff is not invoking section 55 of the California Civil Code and is not

4   seeking injunctive relief under the Disabled Persons Act at all.

5      2. Damages under the Unruh Civil Rights Act, which provides for actual

6   damages and a statutory minimum of $4,000 for each offense.

7      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

8   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

9

10   Dated: November 18, 2020        CENTER FOR DISABILITY ACCESS

11

12                                  By:

13                                  _____

14                                      Amanda Seabock, Esq.
                                        Attorney for plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint